IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES E. STEVENSON III,
SHARYN STEVENSON, HEATH ADKISSON,
LORI ADKISSON, RYAN BRASWELL,
MELISSA BRASWELL, OLIVER COPPEDGE,
TRACY COPPEDGE, GEORGE A. HALE III,
STEPHANIE HALE, JEFF LANGSTON
AND MISSY LANGSTON,                                        PLAINTIFFS


V.                              NO. 3:13-CV-127-KGB


BLYTHEVILLE SCHOOL DISTRICT NO. 5                   DEFENDANT


**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, for their Motion for Preliminary Injunction, state:

1.      The plaintiffs request that this Court enter a preliminary injunction enjoining Blytheville School District No. 5 ("Blytheville School District") to rescind its Resolution to opt out of Act 1227 of 2013, also known as the Arkansas Public School Choice Act of 2013 (the "Act") for the upcoming school year.  FED. R. CIV. P. 65(a).

2.      The plaintiffs request that the Court set this matter for hearing on an expedited basis so that public school-choice transfer applications may be considered under the Act before non-resident districts must notify applicants of acceptances by August 1, 2013.

3.     A preliminary injunction is necessary to protect the plaintiffs' state-law fundamental right to a public school education, which includes exercising their right of public school choice under the Act.  Ark. Const. Amend. XIV.

4.     A preliminary injunction is necessary to protect the plaintiffs from Blytheville School District's denial of their rights to Due Process and Equal Protection under the Fourteenth Amendment to the United States Constitution and the Arkansas Civil Rights Act.

5.     Because a preliminary injunction is necessary to preserve the plaintiffs' constitutional rights, this Court should waive the bond requirement of Fed. R. Civ. P. 65.  *See*, *e.g.*¸ *Ogden v. Marendt*, 264 F. Supp. 2d 785, 795 (S.D. Ind. 2003); *Westfield High Sch. L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 129 (D. Mass. 2003); *Smith v. Bd. of Election Comm'rs.*, 591 F. Supp. 70, 71 (N.D. Ill. 1984).

6.     Plaintiffs will suffer irreparable harm if the preliminary injunction is not granted because the Resolution denies them the ability to exercise liberty and property interests guaranteed by state law.

7.     Based on the facts and the law, plaintiffs' likelihood of success on the merits is strong.

       a.  Blytheville School District is a state actor under 42 U.S.C. § 1983 and ARK. CODE ANN. § 16-123-105(a) because it is a duly created and existing school district under the laws of Arkansas.

    b.  Blytheville School District violated plaintiffs' equal protection rights under the Fourteenth Amendment to the United States Constitution because its Resolution was arbitrary and capricious and an irrational act that denies plaintiffs the right to be treated the same as other similarly situated parents and children in the State of Arkansas.

    c.  Blytheville School District violated plaintiffs' procedural due process rights under the Fourteenth Amendment to the United States Constitution because its Resolution deprives the plaintiffs of a protected property interest without adequate sufficient process.

    d.  Blytheville School District violated plaintiffs' substantive due process rights under the Fourteenth Amendment to the United States Constitution because its Resolution was so completely arbitrary and capricious, and made in bad faith, that it shocks the conscience and frustrates plaintiffs' rights and expectations under the Act.

8.    The balance of equities weighs strongly in favor of the plaintiffs because Blytheville School District cannot show any harm if this Court grants plaintiffs' Motion for a Preliminary Injunction.  The plaintiffs stand to suffer great harm if the Court denies this Preliminary Injunction.  Justice requires the Court to intervene to preserve the plaintiffs' state-law rights to inter-district transfer pending resolution of the merits of this case.

9.    The public interest is served by granting plaintiffs' motion for preliminary injunction.  It is always in the public interest to protect constitutional rights, *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), and school districts should not be allowed to change state law through school-board

regulation.  *J.K. v. Minneapolis Pub. Sch.*, 849 F. Supp. 2d 865, 870 (D. Minn. 2011).

      10.    The accompanying brief and exhibits in support of plaintiffs' motion for preliminary injunction are incorporated by reference herein.

      11.    The following exhibits are attached to this Motion:

| | |
|---|---|
| Exhibit A | Act 1227 of 2013; |
| Exhibit B | Plaintiffs' applications for public school transfer to non-resident school districts; |
| Exhibit C | Board Resolution passed by the Blytheville School District on April 29, 2013; |
| Exhibit D | May 9, 2013 Letter from Richard Atwill, Superintendent of Blytheville School District, to Dr. Tom Kimbrell, Commissioner of Arkansas Department of Education, regarding exemption from Act 1227; and |
| Exhibit E | Arkansas Department of Education Emergency Rules Governing the Public School Choice Act of 2013, updated as of May 13, 2013. |

      WHEREFORE, and for all reasons appearing in the record, plaintiffs respectfully request that this Court issue its order:

      a.    enjoining Blytheville School District to rescind the Resolution for the upcoming school year 2013-14 pending determination of the merits of this case.

      b.    enjoining Blytheville School District to notify all adjoining school districts of the rescission of the Resolution;

      c.     establishing an expedited briefing period and hearing on this

matter;

      d.     granting all other just and proper relief.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street, 22nd Floor
Little Rock, Arkansas  72201
Telephone:  (501) 372-0800
Facsimile:  (501) 372-6453

By:   /s/Jess Askew III
      Jess Askew III, Ark. Bar No. 86005
      jaskew@williamsanderson.com
      Marie-B Miller, Ark. Bar No. 84107
      mmiller@williamsanderson.com
      Alec Gaines, Ark. Bar No. 2012277
      againes@williamsanderson.com

      *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of May, 2013, I electronically filed the foregoing with the Clerk of Court using the Electronic Case Filing system.  I have also sent the foregoing via U.S. Mail to the following:

Richard Atwill, Superintendent
Blytheville School District No. 5
405 West Park Street
Blytheville, AR  72315

/s/Jess Askew III
Jess Askew III