IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES E. STEVENSON III,
SHARYN STEVENSON, HEATH ADKISSON,
LORI ADKISSON, RYAN BRASWELL,
MELISSA BRASWELL, OLIVER COPPEDGE,
TRACY COPPEDGE, GEORGE A. HALE III,
STEPHANIE HALE, JEFF LANGSTON
AND MISSY LANGSTON,                                                          PLAINTIFFS

v.                    NO. 3:13-CV-127-KGB

BLYTHEVILLE SCHOOL DISTRICT NO. 5                          DEFENDANT

## BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

Defendant's motion to dismiss lacks merit and should not delay proceedings on plaintiffs' request for a preliminary injunction. This Court should deny the motion to dismiss and set the preliminary injunction for hearing at the earliest practicable date.

### ARGUMENT

Defendant, a public school district acting under Arkansas law, resolved to "opt out" of the Arkansas Public School Choice Act of 2013 in a manner that is not authorized by the Act and violates plaintiffs' Fourteenth Amendment rights. Defendant does not take issue with these basic propositions, but seeks to inject other issues that have no merit and do not challenge these essentials.

Defendant claims that this Court does not have federal-question jurisdiction even though the complaint states claims under 42 U.S.C. §1983, that two of the twelve plaintiffs lack standing, and that nothing should happen until nonresident districts act on plaintiffs' applications and are potentially dragged into this lawsuit.

## I.      This Court has Federal-Question Jurisdiction.

The complaint alleges that defendant is a public school district that has acted under the Act. Accordingly, the complaint alleges specific facts showing that defendant is a state actor that has acted under color of state law, giving rise to a federal cause of action under 42 U.S.C. §1983. Further, the complaint alleges that defendant's actions under color of state law denied plaintiffs their Fourteenth Amendment rights to due process and equal protection. Accordingly, the complaint squarely and adequately alleges a federal §1983 cause of action that arises under federal-question jurisdiction as provided in 28 U.S.C. §1331.

Defendant's motion never addresses the federal cause of action. Instead, defendant erroneously relies on precedents that do not involve a federal cause of action. The first case, *Grable & Sons Metal Products, Inc. v. Daru Engineering*, 545 U.S. 308 (2005), involved whether federal-question jurisdiction arose in a state-created cause of action that required determination of a federal question. (It did.) The second precedent, *Merrill Dow Pharmaceuticals v. Thompson*, 478 U.S. 810 (1986), involved a state-created cause of action in which federal law provided

a standard of conduct that was relevant to the issues under state law. (No federal question.)

These cases illustrate three different categories of cases in which federal-question jurisdiction may arise. The first category is cases in which the plaintiff asserts a federal cause of action. These always arise under federal-question jurisdiction for purposes of 28 U.S.C. §1331. *See Grable*, 545 U.S. at 312 ("This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. §1983)."). *See also Grable*, 545 U.S. at 320 (Thomas, J. concurring) (noting that §1331 jurisdiction always exists in cases in which federal law creates the cause of action pleaded on the face of the complaint).

The complaint here pleads a cause of action created by federal law and therefore fits squarely within any view of federal-question jurisdiction under 28 U.S.C. §1331. For this reason, the motion to dismiss on this point lacks merit. Defendant erroneously relies on cases that fall under the other two categories of cases presenting federal-question concerns: (1) cases in which state law creates the cause of action but a federal issue must be determined, where the existence of federal-question jurisdiction depends on the specific circumstances involved, as was discussed in *Grable*, and (2) cases in which state law creates the cause of action and federal law creates a standard of conduct relevant to the state-law claim,

in which event there generally is no federal-question jurisdiction, as explained in *Merrill Dow Pharmaceuticals*.

Plaintiff's assertion of a federal cause of action undoubtedly creates federal-question jurisdiction.

## II.     Standing of the Stevenson Plaintiffs.

Plaintiffs James E. Stevenson III and Sharyn Stevenson have standing to bring their claims against Blytheville School District in this lawsuit. While they do not have a legal right to sue on behalf of their grandchildren, they do have standing to sue as taxpayers and citizens located within Blytheville School District. In any event, even if the Stevensons do not have standing, the other 10 plaintiffs unquestionably do, and the case must proceed.

Article III standing requires a plaintiff to show, at a minimum: (1) he or she has suffered an injury in fact that is concrete, particularized and actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and government conduct; and, (3) it is likely that the requested relief will redress that injury. *Constitution Party v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42, (2006)). On a motion to dismiss, the court must presume "that general allegations embrace those specific facts necessary to support a contested claim." *Id.* at 420-21. Deciding whether the injury is concrete, or too speculative to afford standing, is not a

"mechanical exercise;" instead, the court must carefully analyze whether the claimed injury is too abstract. *Iowa ex rel. Miller v. Block*, 771 F.2d 347, 353 (8th Cir. 1985) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

The complaint alleges that the Stevensons have suffered concrete and particularized damages because of Blytheville School District's actions. The 2013 Act recognizes that public-school choice will increase the responsiveness and effectiveness of the state's schools because teachers, administrators and board members will have added incentives to satisfy the needs of students who reside in the district. ARK. CODE ANN. §6-18-1901(b)(2). The Stevensons allege that they pay taxes to support the Blytheville School District, are actively engaged in activities of economic and community development and believe that public school choice in the district promotes education reform and improvement, driving community and economic development.

Blytheville School District's false claim that it is subject to a number of desegregation orders[1] has generated statewide coverage in newspapers, blogs, and other media outlets, which tarnishes Blytheville's reputation and image, discouraging families and businesses from locating and investing in the community. The district's rejection of the benefits of public-school choice signals opposition to education reform and progress. This is a particularized injury to the

---

[1] The Plaintiffs reiterate that Blytheville School District is <u>not</u> subject to any valid desegregation order.

Stevensons because of their stake in the economic success and development of the community, which requires education reform and improvement.

There is no question that Blytheville School District caused this alleged injury or that the requested relief will completely redress the Stevensons' concerns. They assert the non-parental interests in public-school choice as advocates for their community; requiring Blytheville School District to participate in public-school choice will vindicate these interests.

### III.   The Controversy Between Plaintiffs and Defendant is Ripe for Decision.

There is nothing abstract in the fact that defendant has adopted a resolution to "opt out" of the 2013 Act. By attempting to opt out, defendant has pretermitted the application process for the plaintiffs and any nonresident districts to which the plaintiffs have applied for transfer. The "opt out" is the declaration of "an exemption under this section." ARK. CODE ANN. §6-18-1906 (b)(1). By attempting to exempt itself from the operation of the Act, defendant has foreclosed any possibility that nonresident districts could accept the plaintiffs' applications.

The action by plaintiffs against defendant is ripe because defendant has taken definite, unequivocal, concrete action that defeats the rights and interests of the plaintiffs to public school choice under the 2013 Act. There is no statutory or administrative process that can change the existing controversy. Plaintiffs' complaint "rests upon events which have already occurred, . . .. That is enough to

give rise to a live controversy and to make this case ripe for adjudication." *Anderson-Tully Co. v. McDaniel*, 571 F.3d 760, 762 (8th Cir. 2009); *see also School Dist. of City of Pontiac v. Secretary*, 584 F.3d 253, 262-64 (6th. Cir. 2009) (*en banc*).

The appeal process referenced by defendant exists only when a *nonresident* district rejects the application for transfer. "A student whose application for a transfer under §6-18-1905 is rejected by the nonresident district may request a hearing before the state board to reconsider the transfer." ARK. CODE ANN. §6-18-1907(b)(1). Defendant does not quote this language, which on its face shows that the appeal does not apply to the action taken by defendant in attempting to opt out of the 2013 Act. To the contrary, there is no statutory or administrative appeal from defendant's unlawful Resolution, which is one of the reasons why that action violates plaintiffs' Fourteenth Amendment rights, as briefed more fully in plaintiffs' preliminary injunction papers, which plaintiffs incorporate by reference here.

The ripeness doctrine does not require litigants to engage in meaningless or futile acts. By attempting to opt out of the 2013 Act, defendant has terminated the public school choice process under the 2013 Act as to all of the plaintiffs and their children, as well as to all other residents of the Blytheville School District. This is immediate, irreparable harm. The exemption claimed under the 2013 Act prohibits

7

a nonresident district from accepting applications from Blytheville School District, and there is no useful purpose to be served by making those nonresident districts reject the applications, forcing the plaintiffs to appeal to the state board, which must also reject the applications based on the exemption, and then, finally, suing the nonresident and state board defendants, all due to the conduct of Blytheville School District that is now ripe for decision.

Plaintiff's complaint is with the defendant, not the nonresident districts or the state Board of Education. Blytheville School District started this controversy by unlawfully claiming an exemption from the 2013 Act. It cannot now hide behind irrelevant provisions of that Act to avoid accounting for its conduct. Nor can it draw innocent third parties into the case in order to deflect attention from its own actions and their consequences.

**IV.     No Nonresident District is a Necessary Party.**

As with its argument that the case is not ripe, defendant also tries to draw uninvolved third parties into its lawsuit by claiming they are necessary parties. The nonresident districts to which plaintiffs seek to transfer are not involved in Blytheville School District's unlawful declaration of an exemption from the 2013 Act. Plaintiffs seek to bring Blytheville School District to account for its conduct. Once this Court determines that defendant acted unlawfully, hopefully by a preliminary injunction well before the August 1 date, then this Court can order

Blytheville School District to rescind its unlawful resolution, thereby clearing the way for nonresident districts to determine whether to accept or reject applications and take other actions in their own interest.

If nonresident districts wish to enter into this case, they may seek leave to intervene. However, Blytheville School District cannot slow down the case or divert attention from its own conduct by trying to drag other school districts into this lawsuit. Plaintiffs have not and will not do so; they seek only to hold Blytheville School District accountable for its unlawful conduct.

## CONCLUSION

Defendant's motion to dismiss lacks merit and should not delay proceedings on plaintiffs' request for a preliminary injunction. This Court should deny the motion to dismiss and set the preliminary injunction for hearing at the earliest practicable date.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street, 22nd Floor
Little Rock, Arkansas  72201
Telephone:  (501) 372-0800
Facsimile:  (501) 372-6453

By:   /s/ Jess Askew III
Jess Askew III, Ark. Bar No. 86005
jaskew@williamsanderson.com
Marie-B Miller, Ark. Bar No. 84107
mmiller@williamsanderson.com
Alec Gaines, Ark. Bar No. 2012277
againes@williamsanderson.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the Electronic Case Filing system.

Jay Bequette
BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com

Robert L. Coleman
REID, BURGE, PREVALLET & COLEMAN
417 North Broadway
P.O. Box 107
Blytheville, AR 72316-0107
rbpc@sbcglobal.net

*Attorneys for Defendant*

/s/Jess Askew III
Jess Askew III